IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIMOTHY WILLIAMS, et al.,

   Plaintiffs,

     v.

DAVID SCOTT, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:13-CV-3567-TWT

**OPINION AND ORDER**

This is a civil rights case arising out of the July 9, 2011 arrest and subsequent prosecution of the Plaintiff Timothy Williams. It is before the Court on the Defendants Cobb District Attorney's Office's and Patrick Head's Motion to Dismiss [Doc. 13] and the Defendant David Scott's Motion to Dismiss [Doc. 20]. For the reasons set forth below, the Defendants Cobb District Attorney's Office's and Patrick Head's Motion to Dismiss [Doc. 13] and the Defendant David Scott's Motion to Dismiss [Doc. 20] are GRANTED.

**I. Background**

The Plaintiff Timothy Williams resides in Georgia's Thirteenth Congressional District, which is represented by Congressman David Scott. (Am. Compl. ¶ 20.) The

Plaintiff has been a critic of Scott, questioning Scott on policy matters as well as certain allegations reported by media outlets. (Am. Compl. ¶ 20.) On June 8, 2011, Scott's office contacted the Plaintiff to set up a meeting. (Am. Compl. ¶ 22.) The stated purpose was to discuss a grant proposal for a solar project that the Plaintiff had been trying to secure. (Am. Compl. ¶¶ 20, 23.) On June 9, 2011, the Plaintiff went to Scott's office for the meeting. (Am. Compl. ¶ 25.) After roughly five minutes of discussion, Scott declared that the meeting was over. (Am. Compl. ¶ 29.) Then, six officers detained, interrogated, and arrested the Plaintiff. (Am. Compl. ¶ 29.)

In the arrest warrant, the Plaintiff was accused of making "terroristic threats" to Scott over Facebook. (Am. Compl. ¶ 30.) Specifically, the arrest warrant referenced a statement made by the Plaintiff on Facebook in response to a post made by Scott: "This is not justice, what happened to the courts of laws. If rights are denied and justice comes from the barrel of the bullet, be careful the rooster will come to roost. The culture of our nations is violence." (Am. Compl. ¶ 30.) This, however, was an excerpt of a longer passage written by the Plaintiff in response to an article posted by Scott about the killing of Osama Bin Laden. (Am. Compl. ¶ 31.) The Plaintiff was expressing his opinion regarding the propriety of executing a person without a trial. (Am. Compl. ¶ 31.)

The second basis for the Plaintiff's arrest was identity fraud. (Am. Compl. ¶ 35.) The Plaintiff had multiple forms of identification, and they reflected two different names. (Am. Compl. ¶ 35.) When the Plaintiff was born he had been given the name Milton Burley, and that was the name printed on his birth certificate. (Am. Compl. ¶ 15.) The Plaintiff was initially unaware of this. (Am. Compl. ¶ 15.) By the time the Plaintiff realized this, he had already received multiple academic degrees, and had served in the Army, under the name of Timothy Williams. (Am. Compl. ¶ 17.) Consequently, the Plaintiff continued to go by the name Timothy Williams, although his birth name was used on certain legal documents. (Am. Compl. ¶ 18.)

After the Plaintiff's arrest, the officers searched the Plaintiff's vehicle, (Am. Compl. ¶ 36), and found a disassembled gun. (Am. Compl. ¶ 37.) The Plaintiff was then also charged with possession of a firearm by a convicted felon. (Am. Compl. ¶ 38.) The Plaintiff, however, had never been convicted of a felony. (Am. Compl. ¶ 39.) The Plaintiff was then detained, and his request to be released on bond was initially denied. (Am. Compl. ¶ 42.) After forty-five days, the Plaintiff's lawyer and the District Attorney agreed to a bond and the Plaintiff was released. (Am. Compl. ¶¶ 43-44.) However, the Plaintiff was then placed under house arrest for over four-hundred days. (Am. Compl. ¶ 45.) On December 31, 2012, the charges against the Plaintiff were dismissed. (Am. Compl. ¶ 50.)

The Plaintiff brought suit against multiple parties, including Congressman David Scott, the Cobb County District Attorney's Office, and former District Attorney Patrick Head. The Plaintiff asserts the following claims: section 1983 (First Amendment violation), section 1983 (Fourth Amendment violation), section 1983 (Fourteenth Amendment violation), malicious prosecution, false imprisonment, and conspiracy.[1] The Defendants David Scott, the Cobb District Attorney's Office, and Patrick Head now move to dismiss.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); FED. R. CIV. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true

---

[1] Additionally, the Plaintiff's wife Diosia Williams asserted a claim for loss of consortium. She was diagnosed with multiple sclerosis in 1999, (Am. Compl. ¶ 14), and her sole caretaker is the Plaintiff Timothy Williams. (Am. Compl. ¶ 13.) This claim is derivative of the Plaintiff Timothy Williams' tort claims. See White v. Hubbard, 203 Ga. App. 255, 256 (1992) ("[W]here the injured person and the spouse combine their separate claims in one suit . . . it has been held that the loss of consortium claim is a 'derivative' claim.").

and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007).

### III. Discussion

**A. The Cobb District Attorney's Office and Patrick Head**

To start, the Plaintiff concedes that his claims against the Cobb District Attorney's Office and Patrick Head in his official capacity should be dismissed. (Pl.'s Resp. to DA Defendants' Mot. to Dismiss, at 4.) The Plaintiff only pursues his section 1983 claims, as well as his state law conspiracy claim, against Head in his individual capacity.

The Plaintiff appears to advance two theories of section 1983 liability against Head: (1) he argues that Head directly violated his constitutional rights when Head allegedly engaged in malicious prosecution; (2) he argues that Head is liable, as a

"supervisor," for the alleged constitutional violations committed by the co-Defendants that arrested the Plaintiff. First, the Plaintiff's section 1983 claims alleging direct constitutional violations by Head fail because Head is entitled to absolute prosecutorial immunity. "[M]alicious prosecution [is] a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983."[2] Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003). However, a prosecutor is absolutely immune from section 1983 suits relating to activities that are intimately associated with the judicial phase of the criminal process. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [section 1983]." Id. at 431. Consequently, "[a] prosecutor is absolutely immune from suit for malicious prosecution." Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999). However, "prosecutorial immunity may not apply when a prosecutor is not acting as an officer

---

[2] In his complaint, the Plaintiff references substantive due process as the source of his section 1983 malicious prosecution claim. (Am. Compl. ¶ 79.) However, "[i]n Albright v. Oliver . . . the Supreme Court-in a plurality opinion-held that no 'substantive' due process right exists to be free from a malicious prosecution." Whiting v. Traylor, 85 F.3d 581, 584 n.3 (11th Cir. 1996). The Fourth Amendment furnishes the source of a section 1983 malicious prosecution claim. See id. at 584 n.4 ("[R]eferring to a federal 'right' to be free from malicious prosecution is actually a description of the right to be free from an unlawful seizure which is part of a prosecution.").

of the court but is instead engaged in certain investigative or administrative tasks." Hart v. Hodges, 587 F.3d 1288, 1296 (11th Cir. 2009).

Here, perhaps recognizing that prosecutorial immunity bars his claim, the Plaintiff tries to argue that the culpable conduct was not the prosecution itself but rather the antecedent *conspiracy* to engage in malicious prosecution. This argument was rejected in Elder v. Athens-Clarke County, Ga. Through O'Looney, 54 F.3d 694 (11th Cir. 1995). There, when the plaintiff argued that the defendant prosecutor "conspired to maliciously prosecute [the plaintiff]," the Eleventh Circuit responded: "calling a prosecutor's allegedly wrongful decision to prosecute a conspiracy does not strip the prosecutor of absolute immunity." Id. at 694-95. The Eleventh Circuit reasoned that "[i]f prosecutorial immunity means anything, it means that prosecutors who take on the thankless task of public prosecution may prosecute, ably or poorly . . . answerable to the voters, and to disciplinary officers of the courts and of the bar; but not answerable to every person wrongfully prosecuted who can find a lawyer willing to allege that the prosecutor filed charges in bad faith . . . or as a conspirator." Id. at 695.

Second, the Plaintiff's allegations do not give rise to a plausible claim that the Defendant Head is liable, under a theory of "supervisor liability," for the alleged constitutional violations committed by the Defendant officers. "Supervisory liability

[under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Braddy v. Florida Dep't of Labor & Employment Sec., 133 F.3d 797, 802 (11th Cir. 1998). Here, there is no allegation that Head – the District Attorney at the time – was a supervisor of the arresting officers. Nor is there any allegation that any of Head's actual subordinates took part in the allegedly unconstitutional acts. The Plaintiff responds that he is permitted to make general allegations and seek out more specific facts through discovery. This is incorrect. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Plaintiff may not rely on discovery to salvage what is otherwise a deficient complaint. See Inman v. American Paramount Fin., 517 Fed. Appx. 744, 749 (11th Cir. 2013) ("Discovery should follow the filing of a well-pleaded complaint[,] [i]t is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.") (quoting Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir.1981)). Accordingly, the Plaintiff's section 1983 claims against the Defendant Head should be dismissed.

Finally, the Plaintiff argues that official immunity under Georgia law does not bar his civil conspiracy claim against Head.[3] (Pls.' Resp. to DA Defendants' Mot. to Dismiss, at 17.) Assuming this to be true, the Plaintiff has nonetheless failed to make a plausible allegation of a conspiracy. A complaint does not state a plausible claim "if it tenders naked assertion[s] devoid of further factual enhancement." Id. at 678 (internal quotation marks omitted). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Here, the Plaintiff does no more than make a bare allegation of a conspiracy to falsely arrest and maliciously prosecute the Plaintiff. This is insufficient. Accordingly, the Plaintiff's state law claims against the Defendant Head should be dismissed.[4]

---

[3] The Court notes that Georgia law does not recognize an independent civil conspiracy cause of action. See Savannah Coll. of Art & Design, Inc. v. School of Visual Arts of Savannah Inc., 219 Ga. App. 296, 297 (1995) ("Where it is sought to impose civil liability for a conspiracy, the conspiracy of itself furnishes no cause of action."). Conspiracy may be used as a theory to impose civil liability upon parties for the tortious acts of their co-conspirators. See id. at 296.

[4] The Plaintiff requests that, as to the Defendants the Cobb District Attorney's Office and Patrick Head, the state law claims be dismissed without prejudice so that they may comply with the notice requirement set forth in O.C.G.A. § 50-21-26. But these Defendants would still be entitled to immunity. See Riddle v. Ashe, 269 Ga. 65, 66 (1998) ("[A] state employee [has] immunity from suit and tort liability for conduct performed within the scope of the employee's official duties." ) (citing O.C.G.A. § 50-21-25(a)); O.C.G.A. § 50-21-24 ("The state shall have no liability for losses resulting from . . . false imprisonment, false arrest, malicious prosecution."). The Plaintiff never disputes this. Thus, the state law claims will be dismissed *with* prejudice.

## B. Congressman David Scott

The Plaintiff clarifies that he is only bringing claims against the Defendant Scott in his personal capacity. However, it remains unclear what legal theory the Plaintiff is relying on to impose liability on Scott. He does not allege that Scott conducted any of the unlawful acts that form the basis of his claims: the arrest, detention, and prosecution.[5] Nor does he allege that Scott ordered these acts, or that he was a supervisor of any of the parties that conducted them. The Court thus presumes that the Plaintiff is advancing a theory of vicarious liability by virtue of an alleged conspiracy.[6]

As a threshold matter, Scott argues that the Plaintiff does not have standing to pursue his claims against Scott because the Plaintiff has not sufficiently alleged a causal link between Scott's actions and the Plaintiff's injuries. The Constitution limits the power of federal courts to "Cases" and "Controversies." Lujan v. Defenders of

---

[5] This forecloses any constitutional claim directly against Scott. See Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

[6] The Plaintiffs claim that their First, Fourth, and Fourteenth Amendment claims arise under both section 1983 *and* Bivens. However, because the specific acts giving rise to those claims were conducted by state officials, there may be no Bivens claim. See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) ("A § 1983 suit challenges the constitutionality of the actions of state officials; a Bivens suit challenges the constitutionality of the actions of federal officials.").

Wildlife, 504 U.S. 555, 559 (1992). To satisfy the case-or-controversy requirement, a plaintiff must have standing to bring suit. Id. at 560. "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984). "Causation in the standing context is a question of fact unrelated to an action's propriety as a matter of law." Charles H. Wesley Educ. Found., Inc. v. Cox, 408 F.3d 1349, 1352 (11th Cir. 2005). "While . . . it does not suffice if the injury complained of is th[e] result [of] the independent action of some third party not before the court . . . that does not exclude injury produced by determinative or coercive effect upon the action of someone else." Bennett v. Spear, 520 U.S. 154, 169 (1997) (internal quotation marks omitted). Here, as noted, the Plaintiff appears to be arguing that Scott is vicariously liable for the acts of his co-Defendants. Scott does not dispute that there is an alleged causal link between their acts and the Plaintiff's injuries.[7] Thus, the Plaintiff has standing to pursue his claims against Scott.

However, the Plaintiff's claims against Scott nonetheless lack merit. First, the Plaintiff's section 1983 claims against Scott fail because there is no vicarious liability

---

[7] However, Scott's standing argument would have merit if the Plaintiff was alleging a direct constitutional violation committed by Scott. There is no allegation that Scott's decision to arrange a meeting with Timothy Williams caused the co-Defendants to exercise their discretion in the manner that they did.

for section 1983 claims. See Iqbal, 556 U.S. at 676 ("[V]icarious liability is inapplicable to . . . § 1983 suits."). In addition, there is no allegation that the Defendant Scott acted under color of state law. Accordingly, the Plaintiff's section 1983 claims against Scott should be dismissed. Second, the Plaintiff's state law claims against Scott fail because, as noted earlier, he has made no plausible allegation of a conspiracy. The Plaintiff only makes a conclusory allegation that Scott was part of a conspiracy to falsely arrest and maliciously prosecute the Plaintiff, and that Scott arranged the meeting to advance the objectives of this conspiracy. This is precisely the type of allegation that is not "entitled to the assumption of truth." See Iqbal, 556 U.S. at 679. Accordingly, the Plaintiff's state law claims against the Defendant Scott should be dismissed. Because the Plaintiff Diosia Williams' loss of consortium claims are derivative of the Plaintiff Timothy Williams' tort claims, her loss of consortium claims against the Defendants the Cobb District Attorney's Office, Patrick Head, and David Scott should be dismissed.

### IV. Conclusion

For these reasons, the Court GRANTS the Defendants Cobb District Attorney's Office's and Patrick Head's Motion to Dismiss [Doc. 13] and GRANTS the Defendant David Scott's Motion to Dismiss [Doc. 20].

SO ORDERED, this 7 day of March, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge